Case 3:07-cv-05563-CRB    Document 1    Filed 11/01/2007    Page 1 of 10

FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELDON S. SCHION<br>515 GAGE AVENUE<br>NEDERLAND, TX 77627<br><br>Plaintiff,<br><br>v.<br><br>PFIZER, INC.<br>C/O C.T. CORPORATION<br>1300 E. NINTH STREET<br>CLEVELAND, OH 44114<br><br>Defendant. | CASE NO.<br><br>JUDGE CHARLES R. BREYER<br><br>MASTER DOCKET NO.<br>M:05-CV-01699-CRB<br><br>COMPLAINT<br><br>(Jury Demand Endorsed Hereon) |

NOW INTO COURT comes Plaintiff Sheldon S. Schion, (hereinafter "Plaintiff") by and through undersigned counsel and hereby allege as follows, based upon public documents and information and belief against Pfizer, Inc. (hereinafter "Defendant").

**I.     PARTIES**

1.     Plaintiff is an individual resident citizen of the State of Ohio. Plaintiff was prescribed and purchased the drugs Celebrex and/or Bextra for treatment of nerve pain associated with arthritis and related physical injury. Plaintiff brings this action to recover damages for personal injuries sustained after taking Celebrex and/or Bextra.

2.     Defendant Pfizer, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business in Delaware.

**II.    JURISDICTION AND VENUE**

3.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00.



4. This Court has supplemental jurisdiction over the remaining common law and state claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the United States District Court for the Northern District of California, pursuant to the September 6, 2005 Transfer Order of the Judicial Panel on Multidistrict Litigation and the November 8, 2005 Pretrial Order of United States District Judge Charles R. Breyer.

### III. FACTUAL ALLEGATIONS

6. Plaintiff bring this action to recover damages for personal injury, restitution, refund and/or for equitable, injunctive relief against Pfizer, Inc., who tested, marketed, distributed, promoted, sold, prescribed and filled Celebrex and/or Bextra, which Plaintiff took, and as a result thereof, suffered damages.

7. This case involves the Plaintiff' use of the drugs called Celebrex and/or Bextra. They were designed to treat osteoarthritis, rheumatoid arthritis and acute pain.

8. They were designed, formulated, patented, marketed, sold, and ultimately distributed by the Defendant as Celebrex and/or Bextra.

9. Osteoarthritis, or degenerative joint disease, is characterized by the breakdown of the joint's cartilage (which cushions the ends of bones). Cartilage breakdown causes bones to rub against each other, leading to pain and loss of movement.

10. Rheumatoid arthritis is a chronic syndrome characterized by inflammation in the lining of the joints, causing pain, stiffness, warmth, redness and swelling, leading to pain and loss of movement.

11. Celebrex and/or Bextra are in a class of drugs called non-steroidal anti-inflammatory drugs ("NSAIDs"). They work by reducing substances that cause inflammation, pain and fever.

12. Prostaglandins are chemicals that are important in promoting inflammation and its symptoms (pain, fever, swelling and tenderness). Celebrex and/or Bextra block the enzyme that makes prostaglandins, thereby reducing the amounts of prostaglandins, and reducing inflammation and its symptoms.

13. The United States Food and Drug Administration ("FDA") first approved Celebrex in 1998, for the reduction of pain and inflammation caused by osteoarthritis, rheumatoid arthritis and acute pain.

14. In August 2001, it was revealed that Pfizer and/or its predecessors-in-interest had misrepresented the results of a post-marketing clinical study of Celebrex when submitting it for publication. Pfizer and/or its predecessors-in-interest, selectively omitted portions of the data relating to adverse effects, including but not limited to the fact that most of Celebrex' apparent safety advantage (as compared to traditional NSAIDs) did not exist.

15. In a statement by the FDA on December 17, 2004, the National Cancer Institute "stopped an ongoing clinical trial investigating a new use of Celebrex to prevent colon polyps because of an increased risk of cardiovascular events in patients taking Celebrex versus those taking a placebo." The FDA further stated, "patients in the clinical trial taking 400 mg of Celebrex twice daily had a 3.4 time greater risk of CV [cardiovascular] events compared to placebo" and "[f]or patients in the trial taking 200 mg of Celebrex twice daily, the risk was 2.5 times greater."

16. On April 7, 2001, the FDA implemented labeling changes which included information about the increase in risk of cardiovascular events, including heart attacks and stroke.

17. Bextra was approved by the FDA on November 19, 2001, for the treatment of osteoarthritis and rheumatoid arthritis.

18. In 2003, the Journal of Thoracic and Cardiovascular Surgery published an article concerning a clinical trial of Bextra, which showed results of 351% increase in cardiovascular events for post-operative heart bypass patients.

19. According to the preliminary results of a study conducted by the American Heart Association and released on or about November 9, 2004, the incidence of heart attacks and strokes among patients given Bextra, was more than double that of those give placebos.

20. On April 7, 2005, the FDA asked Pfizer, Inc. to remove Bextra voluntarily from the market. The FDA had concluded that the overall risk versus benefit is unfavorable and has requested the manufacturer of Bextra, Pfizer, Inc., to voluntarily withdraw Bextra from the market.

21. Defendant had an obligation not to violate the law in the manufacture, design, and sale of Celebrex and/or Bextra.

22. Defendant violated the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301 et seq.

23. Defendant failed to meet the standard of care set by the above statutes and regulations, which were intended for the benefit of individual consumers such as the Plaintiff, hereby making the Defendant negligent per se.

## COUNT I

### (Breach of Express Warranty)

24. Plaintiff restates and realleges each and every allegation contained in Paragraphs 1 through 23 of this Complaint, as if fully rewritten herein.

25. Defendant expressly warranted to the market, including the Plaintiff, by and through statements made by Defendant or its authorized agents or sales representatives, orally and in publications, package inserts and other written materials to the health care community, that Celebrex and/or Bextra was safe, effective, fit and proper for its intended use.

26. In using Celebrex and/or Bextra, Plaintiff relied on the skill, judgment, representations, and foregoing express warranties of the Defendant. These warranties and representations proved to be false because the product was not safe and was unfit for the uses for which it was intended.

27. As a direct and proximate result of Defendant's breaches of warranties, Plaintiff was injured and suffered special and compensatory damages to be proven at trial.

## COUNT II

### (Breach Of Implied Warranty Of Merchantability; Refund of Purchase Price)

28. Plaintiff restates and realleges each and every allegation contained in Paragraphs 1 through 27 of this Complaint, as if fully rewritten herein.

29. Defendant was aware that there was no evidence to suggest that Celebrex and/or Bextra had any measurable efficacy to treat these off-label uses and thus it was not fit for its intended uses.

30. Also, because Defendant was also the manufacturer of Celebrex and/or Bextra, Defendant is deemed to be aware of the defective nature of Celebrex and/or Bextra.

31.     Because there was no clinically significant evidence providing that Celebrex and/or Bextra had any effect on the treatment of Plaintiff' illness, Plaintiff aver that he/she would not have purchased Celebrex and/or Bextra had he/she known of these defects.

32.     Defendant is thus liable to Plaintiff under the warranty of merchantability and the theory of redhibition.

33.     Thus, Plaintiff are entitled to a return of any purchase price paid, including but not limited to insurance co-payments, interest on these amounts from the date of purchase, attorneys' fees and costs, non-pecuniary damages, as well as any other legal or equitable relief to which Plaintiff may be entitled.

## COUNT III

### (Breach Of The Implied Warranty)

34.     Plaintiff restates and realleges each and every allegation contained in Paragraphs 1 through 33 of this Complaint, as if fully rewritten herein.

35.     Defendant has further breached the implied warranty of merchantability in that Celebrex and/or Bextra was not reasonably fit for the off label purposes for which it was sold, intended, or reasonably foreseen, to be used. Moreover, the Celebrex and/or Bextra manufactured and sold by Defendant was defective on the date of its delivery to Plaintiff.

36.     Defendant has also breached the implied warranty of fitness for a particular purpose. Celebrex and/or Bextra is not reasonably fit for the specific off label purposes for which Defendant knowingly sold it and for which the Plaintiff bought Celebrex and/or Bextra in reliance on Defendant.

37.     Plaintiff has suffered damages including severe and permanent physical injury as a result of Defendant's breach of warranty.

## COUNT IV

### (Unjust Enrichment)

38. Plaintiff restates and realleges each and every allegation contained in Paragraphs 1 through 37 of this Complaint, as if fully rewritten herein.

39. Defendant has knowingly received, and continues to receive, a substantial benefit at the expense of Plaintiff by value of their use of the drugs, Celebrex and/or Bextra.

40. It would be unjust and unconscionable to permit Defendant to enrich themselves at the expense of Plaintiff and to retain the funds that Defendant wrongfully obtained.

## COUNT V

### (Negligence)

41. Plaintiff restates and realleges each and every allegation contained in Paragraphs 1 through 40 of this Complaint, as if fully rewritten herein.

42. Defendant has a duty to exercise the necessary degree of care expected and required of manufacturers of health care products. Defendant deviated from the duty by promoting the off-label uses of Celebrex and/or Bextra.

43. As a result of Defendant's negligence, Plaintiff has been injured. These damages are the actual and proximate result of Defendant's breach of this duty of care.

## COUNT VI

### (Failure to Warn)

44. Plaintiff restates and realleges each and every allegation contained in Paragraphs 1 through 43 of this Complaint, as if fully rewritten herein.

45. Defendant failed to warn Plaintiff concerning all known dangers and health effects related to the use of the prescription drugs Celebrex and/or Bextra, namely an increased

risk of serious cardiac events, including heart attack, stroke and death. The risk was approximately twice that of individuals taking a placebo. Defendant knew or should have known Plaintiff and all ultimate users of Celebrex and/or Bextra would not and could not properly inspect the product for defects or dangerous conditions and that detection of such defects would be beyond the capabilities of such person.

46. Additionally, Defendant placed the drugs Celebrex and/or Bextra, on the market in a defective and unreasonable condition, without warning or without adequate warning that informed Plaintiff and other ultimate users of the potential harm and/or life threatening injuries as a result of exposure to the product. Moreover, Defendant knew or should have known that many users were already in compromised health or at risk of potential health problems. Despite such knowledge and the best prevailing scientific and medical information available, adequate warnings were not provided.

47. As a direct and proximate result of Defendant's failure to warn, Plaintiff suffered physical and emotional injuries; past, present and future pain and suffering; loss of wages; past, present and future medical expenses; severe, permanent, disabling and life threatening injuries; permanent mental and emotional distress and loss of enjoyment of life, for which damages are prayed.

## COUNT VII

### (Consumer Expectation)

48. Plaintiff restates and realleges each and every allegation contained in Paragraphs 1 through 47 of this Complaint, as if fully rewritten herein.

49. Defendant placed the drugs Celebrex and/or Bextra onto the market, in a defective condition, which defect existed at the time the drugs Celebrex and/or Bextra left the hands of the Defendant.

50. Defendant placed the drugs Celebrex and/or Bextra onto the market, in a condition that was more dangerous than an ordinary consumer, such as Plaintiff, would have expected, when Plaintiff used the drugs Celebrex and/or Bextra in its intended and reasonably foreseeable manner.

51. As a direct and proximate result of Defendant's conduct as described above, Plaintiff suffered severe injuries, including, but not limited to, pain and suffering, when the drugs Celebrex and/or Bextra directly and proximately caused Plaintiff' above described injuries.

52. Defendant is liable to Plaintiff in strict liability under the consumer expectation test, for the injuries suffered by Plaintiff, as a result of the above-described conduct of Defendant.

**WHEREFORE**, Plaintiff pray that after due proceedings had, and a trial by jury, there be judgment herein in favor of Plaintiff and against Defendant, for all damages which are reasonable in the premises, for all damages allowable by law, together with legal interest thereon from the date of judicial demand until paid, and attorney fees for all costs of these proceedings.

Respectfully submitted,

_(signature)_

CHRISTOPHER J. HICKEY 0065416
DAVID P. PAVLIK 0041244
Brent Coon & Associates
1220 West 6th Street, Suite 303
Cleveland, Ohio 44113
Telephone: (216) 241-1872
Facsimile: (216) 241-1873
chip@bcoonlaw.com
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,

*David P Pavlik*

CHRISTOPHER J. HICKEY 0065416
DAVID P. PAVLIK 0041244
Brent Coon & Associates
1220 West 6th Street, Suite 303
Cleveland, Ohio 44113
Telephone: (216) 241-1872
Facsimile: (216) 241-1873
chip@bcoonlaw.com

Attorneys for Plaintiff